UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO.: 5:10CR460 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| MICHAEL DONTAE LUCAS, ) | **ORDER AND DECISION** |
| ) | (referencing Doc. 33) |
| Defendant. ) | |
| ) | |

Pending before this Court is a motion filed by Defendant, Michael Dontae Lucas, pursuant to 18 U.S.C. § 3582(c) for a reduction in his sentence under the Fair Sentencing Act of 2010, Pub.L. No. 111–220, 124 Stat 2372 (2010) ("FSA") and Amendment 782 to the United States Sentencing Guidelines ("Amendment 782") (eff. Nov. 1, 2014). Amendment 782 made retroactive changes to the Sentencing Guideline's drug quantity base offense levels by a reduction of two levels. *See* U.S. Sentencing Guidelines Manual, App. C. According to the Defendant's supplement, the Government does not oppose the motion; however, for the reasons stated herein, the motion is DENIED.

I. **FACTS AND PROCEDURAL HISTORY**

According to the Presentence Investigation Report, on August 30, 2010, a detective from the Akron Police Department Street Narcotics Uniform (SNUD) received information that a drug transaction was taking place at a specific location in Akron, Ohio, involving the Defendant, who would be driving a blue Ford F-150 pick-up truck. After receiving the information, the detective

1

notified Akron patrol officers that assistance may be needed and initiated surveillance at the reported location.

Shortly thereafter, the detective observed the Defendant arrive in a blue Ford F-150 pick-up truck and enter the residence. The Defendant later left the home and drove away in the truck. The detective saw the Defendant make a right turn without using his turn signal and notified the patrol officers.

The patrol officers then positioned their cruisers behind the Defendant's vehicle and observed him swerve left of center. When the officers activated their lights and siren, the Defendant jumped from his still moving vehicle and fled on foot. The unoccupied vehicle continued on and struck a tree.

While the Defendant was fleeing from the officers, they observed him digging in his shorts' pockets, and then briefly fall to the ground. When the Defendant stood up, he continued running from the officers. The patrol officers observed that a t-shirt and plastic bag had fallen out of the Defendant's shorts. The Defendant was apprehended soon thereafter.

Officers later returned to the area where the Defendant had dropped the t-shirt and plastic bag and recovered approximately one ounce of suspected cocaine base (crack). The recovered substance was analyzed by the City of Akron Police Division Forensic Laboratory and found to be 25.56 grams of cocaine base.

On February 23, 2011, this Court sentenced the Defendant to 72 months of imprisonment, followed by three years of supervised release. This sentence reflected an upward variance of 15 months from the guideline range of 46 to 57 months of incarceration, at a total offense level of 21 and a Criminal History Category designation of III.

The Defendant now moves this Court for an additional two-level decrease as a result of the 2014 amended sentencing guidelines.

## II. LAW AND ANALYSIS

### A. Legal Standard

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States,* 130 S.Ct. 2683, 560 U.S. 817, 819 (2010) (*citing* 18 U.S.C. §3582(c)). However, "Congress has provided an exception to that rule 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Id.* In those circumstances, the statute authorizes a court to reduce the term of imprisonment "…if such a reduction is consistent with…" applicable Commission policy statements. U.S. Sentencing Commission, Guidelines Manual §1B1.10(b)(2) (Nov. 2009) (USSG)). "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under §3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guidelines application decisions unaffected.'" *Id.* (*quoting* §1B1.10(b)(1)).

Looking at §3582(c)(2), "a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Id.* Thus, the statute establishes a two-step inquiry that must be followed:  1) a court must determine that a reduction is consistent with §1B1.10; and 2) the court must then consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in §3553(a). *Id*. at 826.

At step one, the statute requires the court to follow the Commissions' instructions in §1B1.10 to determine the prisoner's eligibility for sentence modification and the extent of the

3

reduction authorized. *Id.* at 827. Specifically, the court must begin by "…determin[ing] the amended guideline range that would have been applicable to the defendant…" had the relevant amendment been in effect at the time of the initial sentencing. *Id.* (*quoting* 18 U.S.C. §3582(c)(2)). Courts generally may not reduce the defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range produced by the substitution. § 1B1.10(b)(2)(A). If the sentencing court originally imposed a term of imprisonment below the Guidelines range, only then is the court authorized to impose a term "comparably" below the amended range. *Dillon*, 560 U.S. at 827.

At the second step of the inquiry, the court must then consider any applicable factors set forth in §3553(a) and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* Section 3553(a) provides that a "court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and it enumerates several factors a court "shall consider" in determining an appropriate sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1); *see also Dillon*, 560 U.S. at FN2.

### B. Defendant's Motion for Sentence Reduction

Under the first step of the analysis, the Defendant would otherwise be eligible for a sentence reduction under §1B1.10. Under the 2014 amendment to the Sentencing Guidelines, the Defendant would be eligible for a reduced sentencing guideline range of 51 to 63 months, as reflected by a total offense level 22 and a Criminal History Category designation of III. However,

after reviewing the Defendant's criminal history and considering the statutory factors set forth in 18 U.S.C. §3553(a), further reduction is inappropriate at this time.

The Defendant has been involved with the criminal justice system since the age of 19 and has eight prior convictions ranging from burglary to possession of cocaine to assault to having weapons under disability. Certainly these previous convictions have made no impression on the Defendant and did not deter him from continuing to engage in drugs and crime. Furthermore, when the Defendant has been confronted by law enforcement, he is routinely belligerent and non-compliant, and then flees from officers – placing himself, law enforcement, and the community at risk of harm.

For example, in 2006, the Akron Police Department responded to a fight call at a residence. When they arrived at the scene, the Defendant fled in his vehicle, playing the stereo extremely loud as he drove away. Officers could hear the music approximately 100 feet away and later caught up to the car. When officers asked the Defendant to exit the vehicle, he refused, shouting obscenities. After he refused to comply two more times, an officer had to physically remove him from the vehicle. The officers later discovered a large loose rock of crack with a napkin containing smaller rocks of crack, along with $485 in his right front pocket.

While on community control from the 2006 conviction, law enforcement executed a search warrant at the Defendant's residence and found a Glock 40 caliber hand gun, three Glock magazines, ammunition and ownership papers for the weapon in the Defendant's bedroom. As a convicted felon – on community control no less – the Defendant knew he was unable to possess a firearm or ammunition; yet, he continued to engage in criminal conduct.

5

Then in 2010, Akron police responded to a call of a domestic fight from the mother of one of Defendant's children. She reported that the Defendant kicked in her door and punched her several times and knocked her into the baby's bed, which led to a six-inch mark on the baby's head. Once again, the Defendant fled from officers but was later arrested and pled guilty to assault.

The Court is troubled by the Defendant's significant criminal history and his propensity to flee from law enforcement, carry weapons and commit violence on others, all while continuing to sell crack in the community. The Court acknowledges that the Defendant seems to have done well while in custody, this does not outweigh the risk that the Defendant poses to the community.

Considering the nature and circumstances of the offense and the Defendant's history and characteristics, continued incarceration is necessary to protect the public and afford adequate deterrence to further criminal conduct. 18 U.S.C. §3553(a). The Court's current sentence of 72 months appropriately reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense in light of Amendment 782. *Id*.

### III. CONCLUSION

Given this, after consideration of the statutory factors set forth in 18 U.S.C. §3553(a), a further sentencing reduction is inappropriate at this time. The Defendant's motion is hereby DENIED.

IT IS SO ORDERED.

July 28, 2015                          */s/ John R. Adams*
Date                                         Judge John R. Adams
                                               United States District Court